DLD-042                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3158
_____

DOROTHY WATSON,
                                                        Appellant

v.

PHILADELPHIA HOUSING AUTHORITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-02705)
District Judge:  Honorable Anita B. Brody

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 18, 2010
Before:  BARRY, FISHER AND STAPLETON, Circuit Judges

(Opinion filed: December 29, 2010 )
_____

OPINION
_____

PER CURIAM

Dorothy Watson, proceeding *pro se*, appeals from the order denying her motion

under Federal Rule of Civil Procedure 60(b)(6).  For the reasons that follow, we will

dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

1

I

In 2007, Watson filed in the District Court a complaint, while represented by counsel, related to her eviction from a property owned by the Philadelphia Housing Authority ("PHA"). In February 2008, the District Court ordered that discovery be completed by May 2008. During that period, Watson sought to discharge counsel, who then successfully sought permission to withdraw. On PHA's motion, the District Court extended the time for discovery by 45 days, thus affording Watson an opportunity to retain new counsel.

PHA proceeded to serve discovery requests on Watson. During a conference call in May 2008, Magistrate Judge Strawbridge reminded Watson of her duty to respond to PHA's discovery requests and urged her to seek counsel. In August 2008, the District Court again extended the time for Watson to respond to PHA's discovery requests and for discovery to be completed.

Although PHA attempted to depose Watson in November 2008, Watson failed to attend the deposition because she was in the hospital recovering from surgery. PHA then filed a motion to depose Watson after the discovery deadline, as well as a motion for summary judgment. The District Court granted PHA's request to depose Watson after the discovery deadline, but required that the deposition be completed by the end of February 2009. In January 2009, the District Court held a status conference and informed Watson that she also had to respond to the summary judgment motion by the end of February 2009. Watson filed a *pro se* response to the summary judgment motion. In

2

June 2009, the District Court granted the motion for summary judgment.

Then, in May 2010, Watson filed a counseled Rule 60(b)(6) motion asking the District Court to vacate its summary judgment order. The District Court denied the motion. Watson seeks to appeal that decision.

II

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Watson is proceeding *in forma pauperis*, we must dismiss the appeal if it "lacks arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also § 1915(e)(2). We review the denial of a motion under Rule 60(b)(6) for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

"This court has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." In re Fine Paper Antitrust Litig., 840 F.2d 188, 194 (3d Cir. 1988) (internal quotation marks and citations omitted). This requires a showing of "an extreme and unexpected hardship." Budget Blinds, 536 F.3d at 255. Watson contended that she was forced to proceed *pro se* when her attorney withdrew from the case, she was unable to represent herself, and she was denied adequate time to find new counsel. The District Court expressed sympathy for Watson's difficulties in managing her case, but reasoned that Watson was given ample time -- approximately 10 months -- to retain new counsel before her response to the summary judgment motion was due, and that her failure to do so did not establish "exceptional circumstances." Watson has made no

3

colorable showing that the District Court abused its discretion in denying her motion. Given that Watson sought her first attorney's withdrawal and then failed to heed the District Court's advice that she seek new counsel, the fact that she elected to proceed *pro se* was neither extreme nor unexpected.

Accordingly, we will dismiss the appeal.